IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAWRENCE MILTON CROSS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) CIV-12-39-D |
| v. | ) |
| | ) |
| ERIC FRANKLIN, Warden, | ) |
| | ) |
| Respondent. | ) |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the convictions for distribution of controlled dangerous substance (counts one, two, and three) and possession of controlled dangerous substance with intent to distribute (count four), all after former conviction of two or more felonies, entered against him in the District Court of Stephens County, Case No. CF-2009-316. With respect to the claim Petitioner is raising in this federal habeas proceeding, Petitioner relies entirely on the brief filed in his certiorari appeal. See Petition, at 4. In that brief, Petitioner asserted that his plea was not knowingly and voluntarily entered because (1) he did not understand the range of punishment for the offenses charged, (2) he did not understand the nature of the offenses to which he was pleading, (3) his medications prevented him from understanding the nature of the proceedings, and (4) his attorney coerced him into pleading guilty because the attorney was

not prepared for trial.

Respondent has responded to the Petition and filed the relevant state court records, including transcripts of the plea proceeding ("Plea TR __"), sentencing proceeding ("Sentencing TR__"), and motion to withdraw proceeding ("Motion to Withdraw TR__") as well as a certified copy of the original record ("OR__").  Petitioner has filed a reply. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  For the following reasons, it is recommended that the Petition be denied.

I. Background

In a criminal information filed in the District Court of Stephens County, Case No. CF-2009-316, on December 9, 2009, Petitioner was charged with three counts of distribution of a controlled substance, one count of unlawful possession of a controlled drug with intent to distribute, and one count of possession of a firearm during commission of a felony. OR 1-2. Petitioner was charged with having committed these offenses after three prior felony convictions. OR 3.  An initial appearance on the charges was conducted on December 9, 2009. OR 8. Counsel was appointed to represent Petitioner, and on April 13, 2010, Petitioner appeared in court with his attorney and waived a preliminary hearing on the charges. OR 15, 18-19.  The evidence provided to Petitioner by the prosecution during pre-trial discovery included three videotapes of controlled substance purchases made by undercover narcotics agents from Plaintiff on November 25, December 4, and December 7, 2009. OR 29-30.

On the date on which Petitioner's trial was set to begin, August 16, 2010, Petitioner

appeared in court with his attorney and entered a guilty plea to counts one through four of the information. OR 20, 36-39.  During this plea proceeding Petitioner affirmed with his signature on a written plea of guilty summary of Facts form his understanding that the prosecution had agreed to dismiss count five of the information in exchange for his guilty plea to counts one through four.  Petitioner also affirmed that he understood the charges and the range of punishment for each offense, that he understood his trial rights and understood that he was waiving those rights, that he understood there was no plea agreement as to counts one through four, that he understood he was entering the plea after three prior felony convictions, and that he had discussed the charges with his attorney and any defense to the charges. OR 36-38.

During the plea proceeding the district court advised Petitioner of his trial rights. Plea TR 3-4.  Petitioner orally affirmed that he understood these rights, that his attorney had gone over each of the questions on the summary of facts form with Petitioner, that Petitioner understood those questions and agreed with the answers appearing on the form. Plea TR 4-5. Petitioner also stated that he had never been treated for a mental illness, that he was not taking any medication or substances that would cause him to be unable to understand the nature of the proceeding,  and that he believed he was competent to make decisions. Plea TR 4-6.  Petitioner stated in open court that he understood the charges, understood the range of punishment for each of the charges, and was pleading guilty voluntarily and based on his admission of the acts as charged. Plea TR 7-8.  The court ascertained through questioning of the prosecutor and Petitioner's counsel the contents of the plea agreement, which included

(1) no agreement as to sentencing and (2) the prosecution's dismissal of the charge in count five in exchange for Petitioner's guilty plea to counts one through four. Plea TR 6.

The trial court questioned Petitioner concerning the facts supporting the charges and concerning Petitioner's prior felony convictions. On the written summary of facts form, Petitioner admitted that he had distributed crack cocaine on three occasions, as charged in the information. OR 38. Petitioner averred that he was entering the plea voluntarily and without coercion or compulsion of any kind. OR 38. Petitioner attested that he had reviewed the written summary of facts form with his attorney and he understood its contents and agreed with the answers stated thereon. OR 39. The trial court accepted the plea and set a date for sentencing pending completion of a pre-sentence investigation report. OR 39. Petitioner was advised of his appeal rights. OR 41.

At a sentencing proceeding conducted on October 19, 2010, Petitioner appeared with his attorney, and the trial court sentenced him to serve three, consecutive, 30-year terms of imprisonment for the distribution offenses and a concurrent (with the sentence in count three) 25-year term of imprisonment for the possession offense. Sentencing TR; OR 45-48. Petitioner was advised of his appeal rights. OR 48. A judgment and sentence in the matter was filed in the district court on November 2, 2010. OR 54-56.

In a hand-written pleading filed October 25, 2010, Petitioner requested to withdraw his plea because "[h]is attorney did not adequately explain the consequences of pleading 'guilty';" "[h]e was not aware of the range of punishment;" "[h]is attorney did not adequately explain his options to pleading guilty;" and "[h]is attorney was not prepared to go to trial."

OR 51. A new attorney was appointed to represent Petitioner, and a hearing on the motion was conducted on November 9 and December 9, 2010.

At the hearing on the motion to withdraw, a nurse employed at the Stephens County jail testified (Withdraw TR 42-64) that at the time of his plea Petitioner was taking medications, including an antipsychotic medication, Risperdal, that had been prescribed for Petitioner prior to his arrest in December 2009, an antihistamine, an antidepressant, and blood pressure medications. The nurse testified Petitioner had never complained of side effects from his medications, she had never been advised that he was experiencing side effects, and Petitioner's medical records at the jail did not indicate he was experiencing any difficulties with his medications that would cause him to be disoriented, unresponsive, or otherwise unable to understand what was going on around him. The nurse further testified that she had not observed any change in Petitioner despite his medications or medication changes made during his detention in the jail.

At the conclusion of the hearing, the trial court denied the motion. Withdraw TR 68-70. The Oklahoma Court of Criminal Appeals ("OCCA") reviewed the merits of Petitioner's challenge to the validity of his guilty plea in a summary opinion and denied the petition for a writ of certiorari. Petition (Doc. # 1), Ex. 2. The OCCA expressly found that the trial court did not abuse its discretion in denying Petitioner's motion to withdraw his guilty plea "because there was no evidence that [Petitioner] did not enter his guilty plea knowingly and voluntarily. . . . Despite [Petitioner's] medication, the trial court properly found that [Petitioner] was competent at the time of the guilty plea. The range of punishment was

properly set forth, and [Petitioner], at the plea hearing, stated he understood the punishments. . . . We find there was a sufficient factual basis presented in the record including the plea hearing. . . . And we also find that there was no evidence presented that [Petitioner] was coerced into entering his plea by his attorney's alleged shortcomings." Petition (Doc. # 1), Ex. 2, at 2-3.

II. Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard for reviewing these claims. Under the AEDPA, habeas relief may be awarded if the state appellate court's ruling was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The AEDPA directs courts to "ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000)(quoting H. R. Conf. Rep. No. 104-518, p. 111 (1996)).

A state court decision is "contrary to" established Supreme Court precedent if the state court either (1) reached a conclusion that contradicts governing Supreme Court precedent or (2) reached a conclusion different from the Supreme Court on materially indistinguishable facts. Id. at 405-406, 413. A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court "applies [the Supreme] Court's precedents to the facts in an objectively unreasonable manner." Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 407. See Price v. Vincent, 538 U.S. 634, 640-641 (2003).   With

respect to the "unreasonable application" requirement, "it is the habeas applicant's burden to show that the state court applied [the Supreme Court precedent] to the facts of his case in an objectively unreasonable manner," not merely that the state court decision applied the Supreme Court case incorrectly. Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)(*per curiam*). "[W]hether a state court's decision was unreasonable must be assessed in light of the record the [state appellate] court had before it." Holland v. Jackson, 542 U.S. 649, 652 (2004)(*per curiam*)(citations omitted).

III. Validity of Guilty Plea

The due process requirements for a valid plea include a knowing and voluntary plea entered with a "full understanding of what the plea connotes and of its consequence[s]." Boykin v. Alabama, 395 U.S. 238, 244 (1969). "The defendant need not understand every collateral consequence of the plea, but need only understand its direct consequences." United States v. Hurlich, 293 F.3d 1223, 1230 (10th Cir. 2002).

Petitioner complained in his certiorari appeal that the district judge who accepted his guilty plea did so without knowing that Petitioner had been diagnosed with mental disorders and was taking antipsychotic and antidepressant medications. However, Petitioner provided no evidence in his certiorari appeal, and he has provided none here, showing that he was not competent to plead guilty. The district court's record of the plea proceeding provides more than sufficient evidence to demonstrate that Petitioner entered a voluntary plea with full knowledge of the necessary requirements for entry of a valid plea, including knowledge of the offenses with which he was charged, the range of punishment for those offenses, his trial

rights, the contents of the plea agreement, and his appeal rights. The record demonstrates Petitioner fully understood "what the plea connotes and . . . its consequences," as required under Boykin. Although Petitioner asserts that he felt coerced to enter a plea because he believed his defense attorney was not ready for trial, the record shows that he made a voluntary, knowing, and conscious decision to enter a guilty plea, and he averred to the district court that the charges against him had been explained to him, that he understood the nature and consequences of the plea, that he had discussed the charges and any defense he might have with his attorney and received his attorney's advice, and that he was not acting under threat or coercion. Petitioner's conclusory allegations of coercion are not supported by the record.

In a last ditch effort to gain habeas relief, Petitioner asserts a totally new argument in his Reply to the Respondent's Response. Petitioner states for the first time in any pleading or proceeding that he "was informed [his] attorney reached an agreement that he would receive the minimum sentence of (6) six years on each count . . . ." Petitioner's Reply (Doc. # 11). There is nothing in the record of the plea proceeding, the motion to withdraw proceeding, or in his appeal to support this new assertion. The OCCA's decision in Petitioner's certiorari appeal is not contrary to or an unreasonable application of prevailing Supreme Court precedent. Therefore, Petitioner is not entitled to habeas relief, and the Petition should be denied.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by ___July 17th___, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___27th___ day of ___June___, 2012.

*Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE