IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAWRENCE MILTON CROSS, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-12-39-D |
| | ) | |
| ERIC FRANKLIN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Petitioner, a state inmate appearing *pro se,* brought this action seeking a writ of habeas corpus pursuant to 28 U. S. C. § 2254. In accordance with 28 U. S. C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings. Following the submission of briefs by the parties, the Magistrate Judge filed a Report and Recommendation [Doc. No. 13] in which he recommended that the petition for habeas corpus be denied.

Petitioner timely objected to the Report and Recommendation. In addition, he filed a motion to stay this action [Doc. No. 15], arguing that a stay is required to permit him to exhaust his state remedies before proceeding with his habeas claim. Respondent timely objected to the request for a stay, noting the Report and Recommendation did not find Petitioner failed to exhaust state remedies, and arguing Petitioner has not shown any other basis for a stay.

Having conducted a *de novo* review of the issues as well as the Report and Recommendation, Petitioner's objection, and the motion to stay and response, the Court finds as follows.

In the Report and Recommendation, the Magistrate Judge accurately explained the background leading to Petitioner's request for habeas relief. As set out in detail at pages 2 through 6 of the Report and Recommendation, which are adopted as fully set out herein, Petitioner entered a guilty plea to charges of drug possession with intent to distribute and possession of a firearm

during commission of a felony. He was charged with having committed these offenses after three prior felony convictions. The record reflects the details of the entry of his guilty plea, including the trial court's lengthy questioning regarding the basis for the plea. The plea was accepted, and Petitioner was ultimately sentenced to serve three consecutive 30-year terms of imprisonment on the drug distribution crimes and a concurrent 25-year sentence for the possession of a firearm.

Approximately one week after the sentencing, Petitioner sought to withdraw his plea, arguing his attorney did not adequately inform him of the consequences of a plea. As explained at pages 5 and 6 of the Report and Recommendation, the trial court conducted a hearing on his request to withdraw the guilty plea. At that hearing, a nurse testified that, at the time he entered the plea, Petitioner was taking antipsychotic and antidepressant medications, as well as antihistamine and blood pressure medications. She testified, however, that he had not complained of side effects, and there was no evidence that his behavior was affected by the medications. The motion to withdraw the guilty plea was denied, and that decision was affirmed by the Oklahoma Court of Criminal Appeals.

In support of his habeas claim, Petitioner argues that he was not competent to enter a guilty plea because he had been diagnosed with mental disorders and was under the influence of antipsychotic and antidepressant medications at the time the plea was entered. Petitioner argued in his state court appeal that the trial judge did not know about Petitioner's mental condition or medications and that Petitioner was not competent at the time he entered the plea. However, as the Magistrate Judge pointed out in the Report and Recommendation, Petitioner offered no evidence at the state level to support his claim of incompetence. On the contrary, the record of his plea proceeding reflects he responded knowingly and voluntarily to all questions posed by the trial judge,

and the trial judge explained in detail Petitioner's rights and the consequences of his entry of a guilty plea.

The Court agrees with the Magistrate Judge that the record reflects no basis for Petitioner's claims. Petitioner offers no argument and points to no evidence on which this Court could find a basis for habeas relief.

The Court also agrees with Respondent that Petitioner's motion to stay [Doc. No. 15] should be denied. The Report and Recommendation contains no suggestion that Petitioner failed to fully exhaust his state remedies, and Petitioner offers no legal basis to support a stay on any other ground. The motion to stay [Doc. No. 15] is denied.

Accordingly, the Report and Recommendation [Doc. No. 13] is adopted as though fully set forth herein. The petition for habeas relief is denied. Petitioner's motion to stay is also denied.

IT IS SO ORDERED this 24th day of October, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE